## WHITE vs. DICKINSON & AL.

In debt on a bond, conditioned to submit to arbitration a dispute respecting a division-line between the lands of the parties ; it is not a good plea in bar, that the arbitrator established the line wholly on the defendant's own land.

IN debt for the penalty annexed to an agreement to submit a controversy to arbitration, the agreement was set forth as follows ;—" Whereas a dispute has arisen and exists between *Abijah* and *Joseph Dickinson* on the one part, and *Joseph G. White* on the other, in respect to the line between their lands situated in *Wiscasset*, in the county of *Lincoln*, and bounded northwesterly on *Monsweag* brook, so called ; and whereas the parties aforesaid have mutually agreed to submit the determination of said dispute and controversy to *Samuel E. Smith*, Esq.—We the said parties do hereby agree and promise to abide the award of said *Samuel E. Smith*, Esq. upon the dispute aforesaid ; and do agree to release to each other the land which shall lie on the opposite side of the line which said arbitrator shall decide to be the true line between us, in the manner which said arbitrator shall determine.;"—and they bound themselves in a penalty, each to the other, " to abide the award and determination of the said arbi-" trator, on the subject of the dispute aforesaid."

The award was also set forth, in these words ;—" I the sub-" scriber, being appointed arbitrator to decide upon the dividing " line between the lot of *Abijah* and *Joseph Dickinson*, and the " lot of *Joseph G. White*, and having met and heard the parties, " their counsel, and their evidence, am of opinion, and do award " and determine that the dividing line between said lots shall be, " and is established as follows, viz.—beginning at the dividing line " between said *Abijah* and *Joseph Dickinson's* lot, and land of *Abiel* " *Wood*, at the easterly corner of said *White's* land; from thence " running on a straight line northwesterly to *Monsweag* brook, so " called, to a point two rods and six links northeast of a certain " large rock at said brook, which rock determined the line run " between said lots last fall by *John S. Foye* ; and that the par-" ties mutually release to each other the land on the opposite

White *v.* Dickinson & al.

"sides of the line respectively ;" &c. The plaintiff alleges a tender of a release from him to the defendants, and a demand and refusal of a release from them, according to the terms of the award.

The defendants pleaded in bar, " that the said arbitrator, in attempting to make and establish the line aforesaid, did make and run a line through and upon the land of the said defendants, remote and distant from the land of the plaintiff, and not between the land of the said plaintiff and defendants; and the line by him so run and made through and upon the land of the said defendants is the same line mentioned in the said supposed award," &c. To which the plaintiffs answered by a general demurrer.

*Reed,* in support of the demurrer, argued that the plea was bad, as it attempted to set up matter *dehors* the award, in order to avoid it. *Barlow v. Todd* 3 *Johns.* 363. In effect it alleges a mistake in the arbitrator, and is in the nature of an appeal to this court, at whose bar it seeks to try the whole controversy again. But the parties have constituted their own tribunal, whose decision is not examinable in a court of law, unless it was founded in gross partiality or corruption. *Stevenson v. Bleecker* 1 *Johns.* 493. *Perkins v. Wing* 10 *Johns.* 140. *Cranston & al. v. Kenney* 9 *Johns.* 212. Besides, if the plea were good, it would lead to a trial of the title to real estate, in an action of debt on bond.

The agreement was that the arbitrator should establish the line ; and the award, as it follows the terms of the submission, is good. Nor is it uncertain ; for it commences at a known monument, being the corner of the defendants' own land, and proceeds by a given course to a point equally well ascertained, at the brook. And that this line was well known to the defendants, is manifest from the language of their plea.

*Orr,* for the defendants, said that the plea sought nothing more than an inquiry into the jurisdiction of the arbitrator, which he had exceeded by departing from the land in dispute. And this point is always examinable in courts of law. But here the declaration itself is bad, as it contains no allegation that the line marked by the arbitrator is the true line between the parties :

which is the only question submitted to his determination. And the award also is void, for uncertainty in the designation of the line, and of the lands to be released.

Mellen C. J. delivered the opinion of the court at the ensuing term in *Kennebec.*

A dispute having arisen " in respect to the line between the lands" of the parties, they agreed to submit " said dispute and " controversy" to arbitration, and agreed to abide by the award of the arbitrator " upon the dispute aforesaid;" and it appears that the arbitrator did " award and determine the dividing line " between said lot," as follows, viz. " Beginning at the dividing " line between said *Abijah* and *Joseph Dickinson's* lot, and land of " *Abiel Wood*, at the easterly corner of said *White's* land, from " thence running on a straight line northwesterly to *Monsweag* " brook so called, to a point two rods and six links northeast of a " certain large rock at said brook, which rock determined the "line run between said lots last fall by *John S. Foye*; and that the " parties mutually release to each other the land on the opposite " sides of the line respectively." The plea in bar is that the arbitrator " did make and run a line through and upon the land of " said defendants, remote and distant from the land of the plain- " tiff, and not between the land of the said plaintiff and defen- " dants;"—the plea then avers the identity of the lines as run by the arbitrator, and as set out in the declaration. To this plea there is a general demurrer. Is the plea good ? It denies expressly the principal fact stated in the award ; viz. that the line so run by the arbitrator and by him established, was the dividing line between the lands of the parties ; that is, it denies that the arbitrator has settled the dividing line correctly, and avers that the line by him established runs on to the defendants' land. The award states the line to be the dividing line ; and this was the very question submitted to his final determination. The award is not attempted to be impeached on the ground of fraud, corruption, partiality, or even mistake ; and surely it is no good plea to say that the arbitrator has established the divisional line in the

wrong place. The plea is clearly bad as shewn by many of the authorities cited by the plaintiff's counsel, and numerous other cases.

But it is contended that the declaration is bad, or in other words, the award set out in the declaration.

It is said that the award does not state the line established to be the true line, according to the terms of the submission. But the arbitrator has established it as such, pursuant to the authority given him, and therefore it is the true line.

It is said that there is no certainty in the line, as to its course, or the position of the rock referred to. The answer is, the rock is described to be by the brook, and to be the same by which *Foye* determined the line last fall. The position of monuments may always be rendered certain by parol proof. Besides the defendant, by his plea, has informed us that he knows where the arbitrator has established it.

Again it is urged that there is another uncertainty which renders the award void, viz. that it does not appear what each party is to release. But a mere inspection of the award shews that it cannot be misunderstood as to this particular;—the language is plain and precise. We are all of opinion that the plea in bar is bad ; but as there are issues of fact to be tried, the cause must stand continued for that purpose.